IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No: 1:00 CV 144 -T

SUPERGUIDE CORPORATION, a )
North Carolina Corporation, )
 )
Plaintiff, )
 )
Vs. )
 )
DIRECTV ENTERPRISES, INC., a )
Delaware Corporation; DIRECTV, )
INC., a California Corporation; )
DIRECTV OPERATIONS, INC., a ) COMPLAINT FOR PATENT
California Corporation; HUGHES ) INFRINGMENT AND
ELECTRONICS CORPORATION, a ) PERMANENT INJUNCTION
Delaware Corporation; THOMSON )
CONSUMER ELECTRONICS, INC., )
dba RCA, a Delaware Corporation; )
ECHOSTAR COMMUNICATIONS ) JURY TRIAL DEMANDED
CORPORATION, a Nevada )
Corporation; ECHOSTAR )
SATELLITE CORPORATION, a )
Colorado Corporation; ECHOSTAR )
TECHNOLOGIES CORPORATION, )
a Texas Corporation, )
 )
Defendants. )
 )
_____ )

Plaintiff SuperGuide Corporation ("SuperGuide" or "Plaintiff"), as and for its claims for relief herein, alleges on information and belief as follows:

## GENERAL ALLEGATIONS AND PARTIES

1.  In this action, SuperGuide seeks damages and injunctive relief against defendants DirecTV Enterprises, Inc., DirecTV, Inc., DirecTV Operations, Inc., (collectively, "DTV"); Hughes Electronics Corporation ("Hughes"); Thomson Consumer Electronic, Inc., dba RCA ("RCA"); and, EchoStar Communications Corporation, EchoStar Satellite Corporation, and EchoStar Technologies Corporation (collectively

"EchoStar") for acts of patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.* DTV, Hughes, RCA, and EchoStar are referred to collectively as "Defendants."

2. SuperGuide is a corporation organized and existing under the laws of the State of North Carolina and maintains its principal place of business at 501 North Washington Street, Shelby, North Carolina.

3. SuperGuide alleges on information and belief that DirecTV Enterprises, Inc., is a Delaware corporation with its principal place of business at 2230 E. Imperial Highway, El Segundo, California. SuperGuide further alleges on information and belief that DirecTV Enterprises, Inc., is a wholly owned subsidiary and business unit of Hughes Electronics Corporation.

4. SuperGuide alleges on information and belief that DirecTV, Inc., and DirecTV Operations, Inc., are California corporations with their principal place of business at 2230 E. Imperial Highway, El Segundo, California. SuperGuide further alleges on information and belief that DirecTV, Inc., and DirecTV Operations, Inc., are wholly owned subsidiaries of DirecTV Enterprises, Inc.

5. Hughes Electronics Corporation is a Delaware corporation, and has its principal place of business at 2230 E. Imperial Highway, El Segundo, California.

6. SuperGuide alleges on information and belief that Thomson Consumer Electronics, Inc., is a Delaware corporation with its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana and does business as "RCA." SuperGuide further alleges on information and belief that DirecTV Enterprises, Inc., owns approximately 5% of Thomson multimedia, the parent corporation of Thomson Consumer Electronics, Inc.

7. SuperGuide alleges on information and belief that EchoStar Communications Corporation is a Nevada corporation with its principal place of business at 5701 South Santa Fe Drive, Littleton, Colorado.

8. SuperGuide alleges on information and belief that EchoStar Satellite

2

Corporation is a Colorado corporation with its principal place of business at 5701 South Santa Fe Drive, Littleton, Colorado.

9. SuperGuide alleges on information and belief that EchoStar Technologies Corporation is a Texas corporation with its principal place of business at 5701 South Santa Fe Drive, Littleton, Colorado.

10. DTV and EchoStar provide direct broadcast satellite ("DBS") service to subscribers throughout the United States, with over 500,000 subscribers in the State of North Carolina, including the Western District of North Carolina. The DBS service that DTV and EchoStar offer includes an interactive electronic program guide.

11. Hughes, RCA, and EchoStar manufacture or have manufactured DBS receiver equipment that is offered for sale and sold to consumers for use with DTV's and EchoStar's DBS service, including over 500,000 consumers in the State of North Carolina, including the Western District of North Carolina. The receiver equipment that Hughes, RCA and EchoStar offer for sale and sell includes hardware and software for the receipt, operation, and display of the electronic program guide that DTV and EchoStar provide through their DBS service to every one of their subscribers.

## JURISDICTION AND VENUE

12. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1338(a) and 1331.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c), and 1400(b), in that the patents at issue are the property of a corporation located in this district, Defendants reside in this judicial district by virtue of their business activity in this judicial district, and Defendants have committed acts of infringement in this district.

3

## FIRST CLAIM FOR RELIEF

## INFRINGMENT OF U.S. PATENT NO. 5,038,211 AGAINST ALL DEFENDANTS

14. SuperGuide repeats and realleges on information and belief as though fully set forth here paragraphs 1 through 13 of this Complaint.

15. At all relevant times in the DBS field, SuperGuide is and has been the owner of the entire right, title, and interest in and to U.S. Letters Patent No. 5,038,211 (the "Hallenbeck '211 Patent"), entitled "METHOD AND APPARATUS FOR TRANSMITTING AND RECEIVING TELEVISION PROGRAM INFORMATION," which was duly granted by the United States Patent and Trademark Office on August 6, 1991. (A copy of the Hallenbeck '211 Patent is attached as Exhibit A.)

16. SuperGuide alleges on information and belief that Defendants have infringed and continue to infringe the Hallenbeck '211 Patent by making, using, or selling in the United States products or devices that embody or otherwise practice one or more of the claims of the Hallenbeck '211 Patent, or by otherwise contributing to infringement or inducing others to infringe said patent.

17. SuperGuide has given notice to DTV, Hughes, RCA, and EchoStar of their infringement of the Hallenbeck '211 Patent.

18. SuperGuide electronically marked all patented articles in the DBS field that it made, offered for sale, and sold in the United States following the issuance of the Hallenbeck '211 patent with the patent number.

19. SuperGuide alleges on information and belief that Defendants will continue to infringe the Hallenbeck '211 Patent unless enjoined by this Court.

20. SuperGuide alleges on information and belief that Defendants' infringement of the Hallenbeck '211 Patent is, has been, and continues to be willful and deliberate.

21. As a direct and proximate result of Defendants' infringement of the Hallenbeck '211 Patent, SuperGuide has been and continues to be damaged in an amount yet to be determined.

22. By reason of the above acts, Defendants have caused, are causing, and unless enjoined and restrained by this court, will continue to cause SuperGuide great and irreparable injury to, among other things, the good will and business reputation of SuperGuide and its business relations with its customers, all of which cannot be adequately compensated or measured in money. SuperGuide has no adequate remedy at law. SuperGuide is entitled to injunctive relief enjoining and restraining Defendants, and their respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the Hallenbeck '211 Patent.

## SECOND CLAIM FOR RELIEF
## INFRINGMENT OF U.S. PATENT NO. 5,293,357 AGAINST ALL DEFENDANTS

23. SuperGuide repeats and realleges on information and belief as though fully set forth here paragraphs 1 through 22 of this Complaint.

24. At all relevant times in the DBS field, SuperGuide is and has been the owner of the entire right, title, and interest in and to U.S. Letters Patent No. 5,293,357 (the "Hallenbeck '357 Patent"), entitled "METHOD AND APPARATUS FOR CONTROLLING A TELEVISION PROGRAM RECORDING DEVICE," which was duly granted by the United States Patent and Trademark Office on March 8, 1994. (A copy of the Hallenbeck '357 Patent is attached as Exhibit B.)

25. SuperGuide alleges on information and belief that Defendants have infringed and continue to infringe the Hallenbeck '357 Patent by making, using, or selling in the United States products or devices that embody or otherwise practice one or more of the claims of the Hallenbeck '357 Patent, or by otherwise contributing to infringement or inducing others to infringe said patent.

26. SuperGuide has given notice to DTV, Hughes, RCA, and EchoStar of their infringement of the Hallenbeck '357 Patent.

27. SuperGuide alleges on information and belief that Defendants will

5

continue to infringe the Hallenbeck '357 Patent unless enjoined by this Court.

28. SuperGuide alleges on information and belief that Defendants' infringement of the Hallenbeck '357 Patent is, has been, and continues to be willful and deliberate.

29. As a direct and proximate result of Defendants' infringement of the Hallenbeck '357 Patent, SuperGuide has been and continues to be damaged in an amount yet to be determined.

30. By reason of the above acts, Defendants have caused, are causing, and unless enjoined and restrained by this court, will continue to cause SuperGuide great and irreparable injury to, among other things, the good will and business reputation of SuperGuide and its business relations with its customers, all of which cannot be adequately compensated or measured in money. SuperGuide has no adequate remedy at law. SuperGuide is entitled to injunctive relief enjoining and restraining Defendants, and their respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the Hallenbeck '357 Patent.

## THIRD CLAIM FOR RELIEF
## INFRINGMENT OF U.S. PATENT NO. 4,751,578 AGAINST ALL DEFENDANTS

31. SuperGuide repeats and realleges on information and belief as though fully set forth here paragraphs 1 through 30 of this Complaint.

32. At all relevant times in the DBS field, SuperGuide is and has been the owner of the entire right, title, and interest in and to U.S. Letters Patent No. 4,751,578 (the "Reiter '578 Patent"), entitled "SYSTEM FOR ELECTRONICALLY CONTROLLABLY VIEWING ON A TELEVISION UPDATEABLE TELEVISION PROGRAMMING INFORMATION," which was duly granted by the United States Patent and Trademark Office on June 14, 1988. (A copy of the Reiter '578 Patent is attached as Exhibit C.)

33. SuperGuide alleges on information and belief that Defendants have infringed and continue to infringe the Reiter '578 Patent by making, using, or selling in the United States products or devices that embody or otherwise practice one or more of the claims of the Reiter '578 Patent, or by otherwise contributing to infringement or inducing others to infringe said patent.

34. SuperGuide has given notice to DTV, Hughes, RCA, and EchoStar of their infringement of the Reiter '578 Patent.

35. SuperGuide electronically marked all patented articles in the DBS field that it made, offered for sale, and sold in the United States following the issuance of the Reiter '578 patent with the patent number.

36. SuperGuide alleges on information and belief that Defendants will continue to infringe the Reiter '578 Patent unless enjoined by this Court.

37. SuperGuide alleges on information and belief that Defendants' infringement of the Reiter '578 Patent is, has been, and continues to be willful and deliberate.

38. As a direct and proximate result of Defendants' infringement of the Reiter '578 Patent, SuperGuide has been and continues to be damaged in an amount yet to be determined.

39. By reason of the above acts, Defendants have caused, are causing, and unless enjoined and restrained by this court, will continue to cause SuperGuide great and irreparable injury to, among other things, the good will and business reputation of SuperGuide and its business relations with its customers, all of which cannot be adequately compensated or measured in money. SuperGuide has no adequate remedy at law. SuperGuide is entitled to injunctive relief enjoining and restraining Defendants, and their respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the Reiter '578 Patent.

## PRAYER FOR RELIEF

WHEREFORE, SuperGuide prays for judgment against Defendants as follows:

1. for a judicial determination and declaration that Defendants, and each of them, infringe U.S. Letters Patent Nos. 5,038,211, 5,293,357, and 4,751,578;

2. for a judicial determination and decree that Defendants' infringement of U.S. Letters Patent Nos. 5,038,211, 5,293,357, and 4,751,578 is willful;

3. for damages resulting from Defendants' past and present infringement of U.S. Letters Patent Nos. 5,038,211, 5,293,357, and 4,751,578, and the trebling of such damages because of the willful and deliberate nature of Defendants' infringement;

4. for injunctive relief enjoining against further infringement of U.S. Letters Patent Nos. 5,038,211, 5,293,357, and 4,751,578 by Defendants, their officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with them or on their behalf;

5. for an assessment of prejudgment interest on damages;

6. for a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and,

7. for such other and further relief as the court deems just and equitable.

DATED: June 27, 2000

*A. Ward McKeithen, by EJB*
A. Ward McKeithen
N.C. Bar No. 5063

*Everett J. Bowman*
Everett J. Bowman
N.C. Bar No. 9132

Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536

*Roderick G. Dorman, by EJB*
Roderick G. Dorman

*Lawrence M. Hadley, by EJB*
Lawrence M. Hadley

Hennigan, Bennett & Dorman
601 South Figueroa Street
Suite 3300
Los Angeles, California 90017
(213) 694-1200

Attorneys for Plaintiff
SuperGuide Corporation

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any issue triable by right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June 27, 2000

*A. Ward McKeithen, by EJB*
A. Ward McKeithen
N.C. Bar No. 5063

*Everett J. Bowman*
Everett J. Bowman
N.C. Bar No. 9132

Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536

*Roderick G. Dorman, by EJB*
Roderick G. Dorman

*Lawrence M. Hadley, by EJB*
Lawrence M. Hadley

Hennigan, Bennett & Dorman
601 South Figueroa Street
Suite 3300
Los Angeles, California 90017
(213) 694-1200

Attorneys for Plaintiff
SuperGuide Corporation

# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.