# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### Civil Action No: 1: 00CV 144-T

| | | |
|---|---|---|
| SUPERGUIDE CORPORATION, a<br>North Carolina Corporation,<br><br>    *Plaintiff*,<br><br>    vs.<br><br>DIRECTV ENTERPRISES, INC., a<br>Delaware corporation; DIRECTV,<br>INC., a California Corporation;<br>DIRECTV OPERATIONS, INC., a<br>California Corporation; HUGHES<br>ELECTRONICS CORPORATION, a<br>Delaware Corporation; THOMSON<br>CONSUMER ELECTRONICS, INC.,<br>dba RCA, a Delaware Corporation;<br>ECHOSTAR COMMUNICATIONS<br>CORPORATION, a Nevada<br>Corporation; ECHOSTAR<br>SATELLITE CORPORATION, a<br>Colorado Corporation; ECHOSTAR<br>TECHNOLOGIES CORPORATION,<br>a Texas Corporation,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ECHOSTAR SATELLITE CORPORATION'S<br>AND ECHOSTAR TECHNOLOGIES<br>CORPORATION'S ANSWER, AFFIRMATIVE<br>DEFENSES, AND COUNTERCLAIMS TO<br>SUPERGUIDE CORPORATION'S<br>COMPLAINT** |

---

Defendants EchoStar Satellite Corporation and EchoStar Technologies Corporation

(collectively referred to herein as "EchoStar")[1] respond as follows to the allegations set forth in

the Complaint Plaintiff Superguide Corporation ("Superguide") filed in the above-captioned

action:

---

[1] References in this pleading to "EchoStar" do not encompass EchoStar Communications
Corporation, which has raised specific jurisdictional defenses in its Motion to Dismiss filed
concurrently herewith.

## FIRST DEFENSE

1.     No response to the allegations of Paragraph 1 is required because the Plaintiff alleges no facts. Insofar as a response is required, EchoStar admits that Superguide purports to seek damages and injunctive relief for patent infringement but denies the validity of the asserted claims. EchoStar also denies any allegation, implied or express, of collective or concerted activity or joint and several liability as between EchoStar and the several non-EchoStar Defendants. Plaintiff's reference to all Defendants "collectively" is inappropriate and misleading because the several Defendant groups are not related and collective allegations are not proper. EchoStar objects to Plaintiff's attempt to generalize about all Defendants and to ignore differences in technologies and practices that result in different defenses for each party. The differences between the Defendants notwithstanding, EchoStar will assert joint defense attorney client and work product privileges to cover communications between the Defendants as appropriate.

2.     EchoStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 2, 3, 4, 5, 6, 18, and 35 of the Complaint and so denies same.

3.     EchoStar admits the allegations of Paragraphs 7, 8, and 12.

4.     With respect to Paragraph 9, EchoStar Technologies admits that it is a Texas Corporation but denies the rest of the allegation and instead avers that its principal place of business is 90 Inverness Circle East, Engelwood, Colorado 80112.

5.     With respect to the first sentence of Paragraph 10 of the Complaint, EchoStar admits that it provides direct broadcast satellite (DBS) service to subscribers throughout the

Page 2

United States and that it has a substantial number of subscribers in North Carolina, but EchoStar is otherwise without knowledge or information sufficient to form a belief as to the truth of the averment. With respect to the second sentence, EchoStar admits that it offers electronic program guide, but EchoStar is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment with respect to the word "interactive" as that term is not defined in the pleadings.

6. With respect to the first sentence of Paragraph 11 of the Complaint, EchoStar admits that it manufactures or has manufactured DBS receiver equipment that is offered for sale and sold to a substantial number of consumers in the Western District of North Carolina, but EchoStar is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment. With respect to the second sentence of this Paragraph, EchoStar admits that it offers for sale and sells receivers including hardware and software for the receipt, operation and display of the electronic program guide that EchoStar provides.

7. With respect to Paragraph 13, EchoStar denies that it has committed acts of infringement in this district; except as denied the allegations of said Paragraph are admitted.

8. EchoStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and so denies same. EchoStar specifically denies that the patent was "duly granted" and affirmatively avers here and elsewhere that the Hallenbeck '211 Patent is invalid.

9. EchoStar denies the allegations of Paragraph 16, 25, and 33 of the Complaint and further shows the court here and elsewhere that it is inappropriate to refer to all the separate

Case 1:00-cv-00144-MR   Document 9   Filed 08/25/00   Page 3 of 10

Defendants collectively, since each has its own practices and equipment and its own distinct non-infringement defenses.

10. EchoStar denies the allegations of Paragraphs 17, 19, 20, 21, 22, 26, 27, 28, 29, 30, 34, 36, 37, 38, and 39 of the Complaint insofar as these allegations relate to EchoStar; EchoStar is without knowledge or information sufficient to form a belief as to the truth of these averments insofar as they relate to other Defendants.

11. EchoStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and so denies same. EchoStar specifically denies that the patent was "duly granted" and affirmatively avers here and elsewhere that the Hallenbeck '357 Patent is invalid.

12. EchoStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and so denies same. EchoStar specifically denies that this patent was "duly granted" and affirmatively avers here and elsewhere that the Reiter '578 Patent is invalid.

13. EchoStar denies any and all allegations not otherwise expressly admitted in response to any allegation in any numbered paragraph of the Complaint.

14. EchoStar repeats and incorporates by reference its responses to the allegations of the paragraphs referenced in Paragraphs 14, 23, and 31.

## SECOND DEFENSE

The claims of U.S. Patent No. 5,038,211 are invalid.

## THIRD DEFENSE

The claims of U.S. Patent No. 5,293,357 are invalid.

## FOURTH DEFENSE

The claims of U.S. Patent No. 4,751,578 are invalid.

## FIFTH DEFENSE

Superguide is estopped to assert claims for infringement of the '211 patent, the '357 patent and the '578 patent.

## SIXTH DEFENSE

Superguide's laches bars enforcement of its claims for infringement of the '211 patent, the '357 patent, and the '578 patent.

## SEVENTH DEFENSE AND COUNTERCLAIMS

Now come the Defendants, EchoStar Satellite Corporation and EchoStar Technologies Corporation, and state as counterclaims the following:

## GENERAL ALLEGATIONS AND PARTIES

1.      Counterclaim Plaintiff, EchoStar Satellite Corporation, is a Colorado corporation with its principle place of business at 5701 South Sante Fe Drive, Littleton, Colorado, 80120.

2. Counterclaim Plaintiff, EchoStar Technologies Corporation is a Texas corporation with its principle place of business at 90 Inverness Circle East, Engelwood, Colorado 80112.

3. Upon information and belief, Counterclaim Defendant, SuperGuide Corporation, is a corporation organized and existing under the laws of the State of North Carolina with its principle place of business at 5701 N. Washington Street, Shelby, North Carolina.

4. SuperGuide has sued EchoStar Satellite and EchoStar Technologies (hereinafter collectively "EchoStar") for infringement of U.S. Patent No. 5,038,211, 5,293,357, and 4,751,478, thus creating an actual case or controversy between the parties with respect to the subject matter of these Counterclaims.


## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201.

6. Upon information and belief, venue is proper in this judicial district pursuant to U.S.C. 28 §§ 1391(b)(2), 1391(c) and 1400(b), in that the patents at issue in these Counterclaims are the property of SuperGuide, which is located in this district.


## FIRST COUNTERCLAIM FOR RELIEF
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,038,211

7. EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraph 1 through 6 of these Counterclaims.

8. Upon information and belief, Counterclaim Defendant, SuperGuide, is the owner of U.S. Patent No. 5,038,211 (Hallenbeck '211 Patent).

9.    SuperGuide has accused EchoStar of infringing the Hallenbeck '211 Patent.

10.    The claims of the Hallenbeck '211 Patent are invalid.

11.    EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Hallenbeck '211 Patent are invalid.

## SECOND COUNTERCLAIM FOR RELIEF
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,038,211

12.    EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraphs 1-11 of these Counterclaims.

13.    EchoStar has not infringed, either directly or indirectly, any valid claim of the Hallenbeck '211 Patent.

14.    EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it does not infringe or has not infringed, either directly or indirectly, any of the claims of the '211 Patent.

## THIRD COUNTERCLAIM FOR RELIEF
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,293,357

15.    EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraphs 1-14 of these Counterclaims.

16.    Upon information and belief, SuperGuide is the owner of U.S. Patent 5,293,357 (the Hallenbeck '357 Patent).

17.    SuperGuide has accused EchoStar of infringing the Hallenbeck '357 Patent.

18.    The claims of the Hallenbeck '357 Patent are invalid.

19.    EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Hallenbeck '357 Patent are invalid.

## FOURTH COUNTERCLAIM FOR RELIEF
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,293,357

20.     EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraphs 1-19 of these Counterclaims.

21.     EchoStar has not infringed, either directly or indirectly, any valid claim of the Hallenbeck '357 Patent.

22.     EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that it does not infringe or has not infringed, either directly or indirectly, any of the claims of the Hallenbeck '357 Patent.

## FIFTH COUNTERCLAIM FOR RELIEF
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 4,751,578

23.     EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraphs 1-22 of these Counterclaims.

24.     Upon information and belief, SuperGuide is the owner of U.S. Patent No. 4,751,578 (the "Reiter '578 Patent").

25.     SuperGuide has accused EchoStar of infringing the Reiter '578 Patent.

26.     The claims of the Reiter '578 Patent are invalid.

27.     EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Reiter '578 Patent are invalid and void.

Page 8

## SIXTH COUNTERCLAIM FOR RELIEF
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 4,751,578

28.    EchoStar repeats and realleges on information and belief as if fully set forth herein Paragraphs 1-27 of these Counterclaims.

29.    EchoStar has not infringed, either directly or indirectly, any valid claim of the Reiter '578 Patent.

30.    EchoStar is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that it does not infringe or has not infringed any of the claims of the Reiter '578 Patent.

## PRAYER FOR RELIEF

Wherefore, EchoStar prays for a declaration and judgment against the Counterclaim Defendant as follows:

1.    The Counterclaim Defendant, SuperGuide, be denied all relief it has requested in its Complaint.

2.    A judicial determination and decree that the claims of Patent Nos. 5,038,211, 5,293,357, and 4,751,578 are invalid.

3.    Judicial determination and decree that EchoStar has not infringed and does not infringe, either directly or indirectly, any valid claim of U.S. Patent Nos. 5,038,211, 5,293,357, or 4,751,578.

4.    A finding and declaration that this case is exceptional under 35 U.S.C. § 285 and accordingly award to EchoStar its attorneys' fees and costs in this action.

Page 9

5. For a trial by jury.

6. Such other relief as this court deems just and equitable.

**THIS the 25th day of August, 2000.**

VAN WINKLE, BUCK, WALL, STARNES
AND DAVIS, P.A.

BY: *(signature)*
LARRY McDEVITT
W. CARLETON METCALF
Post Office Box 7376
Asheville, North Carolina 28802
828/258-2991

NEEDLE & ROSENBERG, P.C.
BY: Lawrence K. Nodine
Nagendra Setty
127 Peachtree Street, N.E.
Atlanta, Georgia 30303-1811
404/688-0770

**ATTORNEYS FOR DEFENDANTS ECHOSTAR**

CERTIFICATE OF SERVICE

I certify that on this date a copy of the fore-
going was served upon each party or counsel of
record by:

☐ Delivery

☑ Mailing

in the manner prescribed by the applicable **Rules**
of Civil Procedure.
This the 25 day of August 2000

*(signature)*