IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
2001 AUG 14 PM 3:08
U.S. DISTRICT COURT
W. DIST. OF N.C.

CIVIL NO. 1:00CV144

| | |
|---|---|
| SUPERGUIDE CORPORATION, a North Carolina Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ) |
| DIRECTV ENTERPRISES, INC., a Delaware Corporation; DIRECTV, INC., a California Corporation; DIRECTV OPERATIONS, INC., a California Corporation; HUGHES ELECTRONICS CORPORATION, a Delaware Corporation; THOMSON CONSUMER ELECTRONICS, INC., a Delaware Corporation; ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada Corporation; ECHOSTAR SATELLITE CORPORATION; a Colorado Corporation; and ECHOSTAR TECHNOLOGIES CORPORATION, a Texas Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) ) |
| Vs. | ) ) ) |
| GEMSTAR DEVELOPMENT CORPORATION, | ) ) ) |
| Third-Party Defendant. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court on various requests from the parties for permission to file certain motions and a letter from counsel for Thomson Consumer Electronics, Inc. (Thomson) which the Court construes as a motion. The requests are addressed *seriatim*.

On August 10, 2001, the undersigned received a letter from Thomson's counsel requesting that another case management conference be scheduled. Counsel indicated that counsel for all the parties consent to the request. However, the undersigned previously entered a Pretrial Order and Case Management Plan which establishes deadlines for the remaining aspects of this litigation. That Order, filed August 8, 2001, was entered at the request of all parties, who agreed to its terms, as stated on the record during the *Markman* hearing. There is simply no need for further consultation regarding case management prior to the Court's ruling on claims construction. Therefore, this letter, which is filed of record, is construed as a motion for a case management conference and the same is denied without prejudice to renewal after the Court's ruling on claims construction.

On August 3, 2001, SuperGuide Corporation (SuperGuide) filed an Answer with Counterclaim and Motion to Dismiss with respect to GemStar Development Corporation's (GemStar) Cross-Claims. GemStar requests permission to move to strike the same, citing the lateness of the filing made on the eve of the close of discovery.

Once brought into the case, GemStar filed cross-claims against SuperGuide on May 2, 2001, asserting breach of contract of the licensing agreement between the parties, a declaration of the rights between the parties pursuant to that agreement, including the right to prosecute this action, prejudgment interest and costs. On August 10, 2001, GemStar requested leave to file a motion to bifurcate these cross-claims and to expedite a trial of the same prior to the

infringement trial. In that request, GemStar represented to the Court that "[r]esolution of the GemStar-SuperGuide license dispute by the Court will, among others, allow the Court to determine whether *SuperGuide is suing defendants within a field(s) of use granted to GemStar under the parties' 1993 License Agreement*, and to properly define what rights GemStar and SuperGuide have against each of the defendants in advance of a lengthy infringement trial." **Request by Third-Party Defendant GemStar Development Corporation for Leave to File Motion for Bifurcation of GemStar License Issues, filed August 10, 2001, at 2 (emphasis added).** Inexplicably, on the same date this pleading was filed, GemStar berated SuperGuide for filing a counterclaim which asserts precisely the same issue; *i.e.*, the field of use reserved by SuperGuide in the License Agreement.[1]

Moreover, GemStar's alleged angst is not convincing. GemStar moved to disquality SuperGuide's counsel based on this very issue: that Roderick Dorman had been national trial counsel to GemStar at the time the licensing agreement was negotiated and therefore was privy to the parties' understanding of the field of use reserved by SuperGuide.

In short, the request to file a motion to strike the pleading is denied. SuperGuide's request for permission to file the answer and counterclaim is granted; however, the motion to dismiss is stricken because under the rules of this Court, such a motion must be separately filed

---

[1]GemStar counsel wrote, "Instead on August 2, 2001, *four months after Magistrate Cogburn ordered SuperGuide to file any claim(s) against GemStar, and three months after GemStar filed its Cross-Claims against SuperGuide*, SuperGuide, without seeking permission from the Court, and with merely 13 days remaining until the close of discovery, now seeks to file its Answer, Counterclaim and Motion to Dismiss." **GemStar's Response to SuperGuide's Request for Leave to File Responsive Pleading to GemStar's Cross-Claims, and Request by GemStar to file Motion to Strike SuperGuide's Late-Filed Answer, Counterclaim and Motion to Dismiss, at 4.**

and briefed.[2] GemStar's request to file a motion for bifurcation of the license agreement issues is denied. It may be that the undersigned's rulings on the claim construction issues will make a portion of the licensing disputes moot. If not, the Court may entertain, at that time, a motion to bifurcate.

On May 25, 2001, EchoStar replied to GemStar's Counterclaims and raised an affirmative defense of patent misuse. On August 8, 2001, SuperGuide, EchoStar, DirectTV and Hughes requested leave to move for bifurcation of discovery and trial of the patent misuse issues. On August 10, 2001, GemStar requested leave to move to compel EchoStar to comply with discovery requests. Although not so stated, the Court presumes those requests relate to patent misuse issues.

EchoStar claims GemStar has engaged in patent misuse by: (1) patent bundling; *i.e.*, licensing the SuperGuide patents in packages that must contain other patents not necessary to the licensees; (2) tying the patents to GemStar product content; (3) tying the patents to advertising content chosen by GemStar; (4) tying the patents to other GemStar programming products; (5) tying the patents to GemStar's broadband services; and (6) the use of patent grant backs which force the licensee to grant GemStar the exclusive right to prosecute the patents. Patent misuse is an affirmative defense which, if proven, results in the patent becoming unenforceable until the misuse is purged. *C. R. Bard, Inc. v. M3 Systems, Inc.*, **157 F.3d 1340, 1372 (Fed. Cir. 1998)**, *cert. denied,* **526 U.S. 1130 (1999).** It does not, however, invalidate the patent. *Id.* "The defense of patent misuse arises from the equitable doctrine of unclean hands, and relates

---

[2]SuperGuide is cautioned not to file a request to file such a motion unless strong and valid grounds are asserted. Such was not the case with the motion contained within the subject pleading.

generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." *Id.*

> The courts have identified certain specific practices as constituting *per se* patent misuse, including so-called "tying" arrangements in which a patentee conditions a license under the patent on the purchase of a separate, staple good, [] and arrangements in which a patentee effectively extends the term of its patent by requiring post-expiration royalties []. Congress, however, has established that other specific practices may not support a finding of patent misuse. A 1988 amendment to [35 U.S.C.] § 271(d) provides that, *inter alia*, in the absence of market power, even a tying arrangement does not constitute patent misuse. When a practice alleged to constitute patent misuse is neither *per se* patent misuse nor specifically excluded from a misuse analysis by § 271(d), a court must determine if that practice is "reasonably within the patent grant, *i.e.*, that it relates to subject matter within the scope of the patent claims."

***Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997) (quoting *Mallinckrodt v. Medipart, Inc.*, 976 F.2d 700, 708 (Fed. Cir. 1992)) (other citations omitted).**

Thus, a motion to bifurcate is premature because the claim construction will determine the scope of the patent claims.

EchoStar also seeks to stay discovery on patent misuse, claiming that six months of discovery would be necessary. Moreover, it argues, "[i]f the Court were to rule that the patents are invalid or not infringed, the misuse issue would evaporate, with the parties having been saved the large expenses of discovery on a moot issue." **Joint Request for Leave to File Joint Motions for Separate Discovery and Trial of Patent Misuse, at 10.** It bears comment that the parties, and their attorneys, have not, to date, shown any frugal nature in this litigation. And, in

view of the parties' familiarity with the misuse issue, six months of discovery is unreasonable.[3] Therefore, there is no need to alter the terms of the case management plan currently in place.

Finally, GemStar notes that EchoStar has refused to comply with discovery requests. The substance of those requests has not been disclosed; however, the Court presumes that EchoStar's position is related to its request to stay discovery of patent misuse. EchoStar is admonished to engage in a good faith attempt to resolve any discovery disputes without the Court's intervention.

## ORDER

**IT IS, THEREFORE, ORDERED** that the letter of August 9, 2001, from Harold J. McElhinny, construed as a motion for a pretrial conference, is hereby **DENIED** without prejudice to renewal after the Court's ruling on claims construction; and

**IT IS FURTHER ORDERED** that GemStar's request to file a motion to strike is hereby **DENIED,** with the exception that the motion to dismiss contained within SuperGuide's Answer is hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that GemStar's request to file a motion for bifurcation of license issues is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the joint request for leave to file motions for a separate trial and discovery as to patent misuse is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that GemStar's request for leave to file a motion to compel is hereby **DENIED** without prejudice to renewal; and

---

[3]EchoStar cites to pending litigation on this very issue in other districts.

**IT IS FURTHER ORDERED** that SuperGuide's request to file response to GemStar's crossclaims is **DENIED** as moot; and

**IT IS FURTHER ORDERED** that EchoStar's request to file notice of appearance for J. Donald Cowan, Jr., and the firm of Smith, Helms, Mulliss & Moore, L.L.P. is **ALLOWED**.

THIS the _____ day of August, 2001.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

United States District Court
for the
Western District of North Carolina
August 15, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:00-cv-00144

True and correct copies of the attached were mailed by the clerk to the following:

    A. Ward McKeithen, Esq.
    Robinson, Bradshaw & Hinson, P. A.
    101 No. Tryon St.
    Suite 1900
    Charlotte, NC 28246

    Everett J. Bowman, Esq.
    Robinson, Bradshaw & Hinson, P. A.
    101 No. Tryon St.
    Suite 1900
    Charlotte, NC 28246

    John J. Barnhardt III, Esq.
    Alston & Bird, LLP
    Bank of America Plaza
    101 S. Tryon St., Suite 4000
    Charlotte, NC 28280-4000

    Richard M. McDermott, Esq.
    Alston & Bird, LLP
    Bank of America Plaza
    101 S. Tryon St., Suite 4000
    Charlotte, NC 28280-4000

    Charles A Burke, Esq.
    Womble, Carlyle, Sandridge & Rice
    P. O. Drawer 84
    Winston-Salem, NC 27102

    Michael E. Ray, Esq.
    Womble, Carlyle, Sandridge & Rice
    P. O. Drawer 84
    Winston-Salem, NC 27102

    Darryl E. Towell, Esq.
    Jones Day Reavis & Pogue
    5 Park Plaza, Suite 1100
    Irvine, CA 92614

    Michael J. Newton, Esq.
    Jone Day Reavis & Pogue

2727 N. Harwood St.
Dallas, TX 75201 515

Victor G. Savikas, Esq.
Jones Day Reavis & Pogue
555 W. Fifth St., Suite 4600
Los Angeles, CA 90013-1025

Kevin G. McBride, Esq.
Jones, Day, Reavis & Pogue
555 West 5th St.
Suite 4600
Los Angeles, CA 90013

Michael J. Newton, Esq.
Jones, Day, Reavis & Pogue
555 West 5th St.
Suite 4600
Los Angeles, CA 90013

Wyatt S. Stevens, Esq.
Roberts & Stevens, P.A.
P.O. Box 7647
Asheville, NC 28801

Harold J. McElhinny, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

Paul J. Riley, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

John P. Corrado, Esq.
Morrison & Foerster LLP
1750 Tysons Blvd., Suite 1550
McLean, VA 22102

Charles C. Carson, Esq.
Morrison & Foerster LLP
1750 Tysons Blvd., Suite 1550
McLean, VA 22102

Mark Danis, Esq.
Morrison & Foerster, LLP
3811 Valley Centre Dr.
Suite 500
San Diego, CA 92130-2332

Anders T. Aannestad, Esq.
Morrison & Foerster, LLP
3811 Valley Centre Dr.
Suite 500
San Diego, CA 92130-2332

Larry McDevitt, Esq.
Van Winkle, Buck, Wall, Starnes & Davis, P. A.
P. O. Box 7376

Asheville, NC 28802

Lawrence K. Nodine, Esq.
Needle & Rosenberg, P.C.
127 Peachtree St., N.E.
Atlanta, GA  30303-1811

Nagendra Setty, Esq.
Needle & Rosenberg, P.C.
127 Peachtree St., N.E.
Atlanta, GA  30303-1811

Mitchell G. Weatherly, Esq.
Needle & Rosenberg, P.C.
127 Peachtree St., N.E.
Atlanta, GA  30303-1811

J. Donald Cowan Jr., Esq.
Smith, Helms, Mulliss & Moore
P. O. Box 27525
Raleigh, NC  27611

David M. Carter, Esq.
Carter & Schnedler
P. O. Box 2985
Asheville, NC  28802

J. Derel Monteith Jr., Esq.
Carter & Schnedler
P. O. Box 2985
Asheville, NC  28802

James E. Doroshow, Esq.
Christie, Parker, & Hale
350 W. Colorado Blvd.
Suite 500
Pasadena, CA  91105

Brian K. Brookey, Esq.
Christie, Parker, & Hale
350 W. Colorado Blvd.
Suite 500
Pasadena, CA  91105

Richard A. Clegg, Esq.
Christie, Parker, & Hale
350 W. Colorado Blvd.
Suite 500
Pasadena, CA  91105

David A. Dillard, Esq.
Christie Parker & Hale LLP
350 W. Colorado Boulevard, Suite 500
P.O. Box 7068
Pasadena, CA  91109-7068

George G. Matava, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
633 Seventeenth St., Suite 2000
Denver, CO  80202

John R. Posthumus, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
633 Seventeenth St., Suite 2000
Denver, CO 80202

Brian Andrew Carpenter, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
633 Seventeenth St., Suite 2000
Denver, CO 80202

Roderick G. Dorman, Esq.
Hennigan, Bennett & Dorman
601 South Figueroa St.
Suite 3300
Los Angeles, CA 90017

cc:
Judge                        (X)
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____      ( )

Date: Aug. 14 2001

Frank G. Johns, Clerk
By: _____
    Deputy Clerk