# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:00CV144

| | |
|---|---|
| SUPERGUIDE CORPORATION,<br>a North Carolina Corporation,<br><br>      Plaintiff,<br><br>      Vs.<br><br>DIRECTV ENTERPRISES, INC., a<br>Delaware Corporation, *et al.*,<br><br>      Defendants,<br><br>      Vs.<br><br>GEMSTAR DEVELOPMENT<br>CORPORATION,<br><br>      Third-Party Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the parties' responses to the directives contained within the Memorandum of Decision issued July 20, 2007.

Defendant Thomson Consumer Electronics (Thomson) claims that it has a defense to SuperGuide's claims of infringement based on a 1999 agreement which "even if not a sublicense within Gemstar's field of use, is

an effective exercise of Gemstar's right to negotiate and settle."

**Defendants' Joint Statement, filed August 6, 2007, at 2.** This argument has been rejected previously in this litigation.

> Thomson's motion for summary judgment is based on substantive law providing that the holder of a valid license cannot be sued for infringement of a patent licensed therein. Thus, if the license is valid, the sub-license is valid and Thomson has an absolute defense. Obviously, a patent holder cannot legally license more than is owned. And, "[t]he field of [use of] the license [is] determined by the scope of the patent claims . . . ."

**Memorandum and Order, filed May 23, 2001, at 6-7 (quoting 6 Lipscomb's *Walker on Patents*, § 20:5 (3d ed. 1987)) (other citations omitted).** Having ruled that Gemstar did not have a license in the field of use at issue, Gemstar could not sublicense that field to Thomson; therefore, Thomson does not have a defense based thereon. Nor does the Court find a defense exists based on Gemstar's purported ability to negotiate or settle under the terms of the sublicense. The Court thus rejects Thomson's claim that it has any defense based on the sublicense.

Moreover, the Court has addressed previously other parties' requests to assert claims based on sublicense agreements. On July 11, 2005, the Court denied SuperGuide's motion to file a supplemental counterclaim against Gemstar for breach of the licensing agreement by entering into

sublicense agreements with Thomson and the other Defendants.  **Order, filed July 11, 2005.**  In that same order, the Court denied the motion for leave to assert a defense based on the license agreement made by DirecTV, the Hughes and Echostar Defendants.  It would, therefore, be unfair to allow Thomson to raise such a defense now.  As for the indemnity agreement between Thomson and Gemstar, that is not before the Court in this litigation.  Nor will the Court allow that issue to be raised herein.

As a result of the Court's ruling declaring the field of use reserved to SuperGuide and dismissing Gemstar's cross-claim against SuperGuide based thereon, it appears that Gemstar may no longer be involved in this litigation.  However, the Defendants did implead Gemstar as a third-party defendant.   The Court will require the parties to address whether the remaining issue in the case involving infringement by the Defendants' products extends beyond SuperGuide's reserved field of use.  To the extent that infringement involves Gemstar's licensed field of use, it would remain in the case.  It had been the Court's intention for the parties to address this issue in their responses; however, no party raised the issue of whether Gemstar remains a viable litigant in the case.

The remaining Defendants claim that the issue of prosecution history estoppel is a viable one while SuperGuide claims no such issue remains. However, in the previous ruling concerning infringement, the Court noted that SuperGuide alleged infringement both literally and pursuant to the doctrine of equivalents.

> Prosecution history estoppel prevents a patentee from recapturing under the doctrine of equivalents subject matter surrendered during prosecution to obtain a patent. Indeed, by surrendering subject matter, a narrowing amendment classically invokes the doctrine.

***Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.***, **480 F.3d 1335, 1341 (Fed. Cir. 2007),** ***petition for cert. filed,*** **\_\_\_\_ U.S.L.W. \_\_\_\_\_ (Aug. 13, 2007) (citations omitted).** Thus, unless SuperGuide disclaims infringement pursuant to the doctrine of equivalents, the issue of prosecution history estoppel remains. However, the parties are encouraged to consult the holding of the Federal Circuit in this case concerning the issue of prosecution history. ***SuperGuide Corp. v. DirecTV Enter., Inc.***, **358 F.3d 870 (Fed. Cir. 2004).**

The Court does recognize that the Defendants previously raised affirmative defenses of patent invalidity and those defenses remain.

SuperGuide has requested that the ruling disqualifying Roderick Dorman and his law firm be re-visited. Gemstar objects. That request is denied for the same reasons as previously noted by the undersigned. **Memorandum and Order, filed May 7, 2001.** In fact, the Court is hard pressed to understand why Mr. Dorman would be willing to put himself in such a position creating the clear appearance of impropriety.

The Court does not agree with the Defendants' position that the issue of claim construction needs to be re-visited. The decision of the Federal Circuit provided the proper claim construction for the Reiter '578 patent. *SuperGuide*, 358 F.3d at 876 (**"Thus, we construe the first three disputed claim phrases concurrently, and the remaining two separately."**). The parties shall simply provide an agreed upon claim construction chart incorporating those findings. While the Defendants foresee the possibility of "disputes" regarding claim construction, the Federal Circuit has declared the claim construction and the parties are to implement that declaration. *Id.* at 881, 884 (**"Accordingly, we construe 'regularly received television signal' . . . . We therefore construe 'radio frequency information' . . . . Finally, we construe the term 'mixer' to mean . . . . Accordingly, for the reasons stated, we reverse**

**the district court's construction of the disputed claim language and adopt the constructions discussed above. Accordingly, we reverse the district court's construction of the claim phrase 'to perform a search' to the extent discussed above. . . . We further affirm the court's construction of the phrase 'desired format.'").** The Court discourages any attempts to invoke another round of litigation concerning claim construction.

Nor does the Court find that a new period of extensive discovery is necessary. The Court will provide a limited period of discovery to be followed by the filing of dispositive motions. As was the case previously, it may well be that such motions will dispose of the case without jury trial. In short, this litigation is in its seventh year and the undersigned has no intention of allowing it to become a "career case" either for the attorneys or the Court.

**IT IS, THEREFORE, ORDERED** as follows:

1. The stay imposed on July 11, 2005, is lifted only to the extent that the prosecution of the issue of infringement of the Reiter '578 patent may proceed;

2. The stay imposed in this action against prolific filings remains intact and counsel are cautioned that filings made without prior permission from the Court, except those permitted by this Order, are discouraged.

3. SuperGuide's request to reconsider the Order disqualifying Roderick G. Dorman as counsel from representation of SuperGuide in this litigation is **DENIED** for the same reasons as previously cited;

4. On or before 15 days from entry of this Order, the parties shall advise by pleading not to exceed three double-spaced pages whether the third-party complaint against Gemstar remains a viable claim in view of the Court's previous ruling;

5. On or before 30 days from entry of this Order, the parties shall submit an agreed upon claim construction chart and an agreed upon pretrial order and case management plan allowing for supplemental discovery and expert reports to be completed no later than six months from the date of this Order; the filing of dispositive motions no later than eight months from the date of this Order; and, in the event that trial becomes necessary, an agreed upon peremptory setting, taking into account the calendar of the Court.

6. In the event that SuperGuide does not intend to rely on the doctrine of equivalents, it shall so notify the Court on or before 30 days from entry of this Order.

7. All other requests are **DENIED**.

Signed: August 27, 2007

Lacy H. Thornburg
United States District Judge