IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:00CV144

| | |
|---|---|
| SUPERGUIDE CORPORATION, )<br>a North Carolina Corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIRECTV ENTERPRISES, INC., )<br>a Delaware Corporation; )<br>DIRECTV, INC., a California )<br>Corporation; DIRECTV )<br>OPERATIONS, INC., a California )<br>Corporation; HUGHES )<br>ELECTRONICS CORPORATION, )<br>a Delaware Corporation; )<br>THOMSON CONSUMER )<br>ELECTRONICS, INC., a )<br>Delaware Corporation; )<br>ECHOSTAR COMMUNICATIONS )<br>CORPORATION, a Nevada )<br>Corporation; ECHOSTAR )<br>SATELLITE CORPORATION; )<br>a Colorado Corporation; and )<br>ECHOSTAR TECHNOLOGIES )<br>CORPORATION, a Texas )<br>Corporation, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Superguide's motion to compel discovery from Echostar Communications Corporation, Echostar Satellite Corporation and Echostar Technologies (Echostar) and Thomson Consumer Electronics, Inc. (Thomson).

On October 2, 2007, the undersigned entered the Final Pretrial Order and Case Management Plan. Contained within that Order was the following instruction to the parties:

> The discovery in this matter has previously been limited by the terms of the August 27, 2007 Order. *The parties are cautioned that the Court expects they will resolve discovery disputes without Court intervention. Such intervention should be sought only in extreme circumstances*.

<u>Final Pretrial Order and Case Management Plan</u>, filed October 2, 2007, at 1 (emphasis provided). Despite this cautionary instruction, the parties have placed a discovery dispute before the Court which would have expected counsel for the parties to have resolved.

The August 27, 2007 Order entered in this case allowed a short period of supplemental discovery. As a result, Superguide seeks information from Echostar and Thomson about the numbers of receiver models produced and sold as well as subscriptions sold during the period

2

of accused infringement.[1]  Superguide has stated that the period of accused infringement is from January 1, 1996 through June 14, 2005, the date on which the patent expired.  Discovery is also sought as to user manuals in order to ascertain infringement.  In an effort to resolve this discovery dispute, Superguide has agreed to limit its discovery request regarding post-2000 receivers to those which Superguide has identified as infringing based on user manuals.

Defendants DirecTV and Hughes have agreed to comply with the discovery requests, reserving their rights to later argue the exclusion of such information.  Defendants Echostar and Thomson have refused, claiming that Superguide is limited by the previous pre-trial order entered on October 6, 2000 which required Superguide to have identified accusing devices by December 15, 2000.  In other words, these Defendants argue that in 2000, before the products were even produced or sold, Superguide should have identified them as accused devices.  Alternatively, the

---

[1] In the course of this litigation, Superguide previously demanded the same discovery from 1996 "to present," which at that time, was December 1, 2000, as well as discovery concerning profits through March 8, 2011. <u>Motion to Compel</u>, filed March 2, 2001.  At that time, the Defendants agreed to produce the information to the extent that it was in existence.  The motion to compel was denied as moot.

Defendants claim that Superguide should have sought leave to add such models to its infringement contentions. The position of Echostar and Thomson regarding this discovery dispute appears to the Court to be an overly strident position. The resolution reached by Superguide, DirecTV and Hughes, however, appears to be an entirely reasonable approach for all parties.

Rules 26 through 37 of the Federal Rules of Civil Procedure present a paradigm for discovery whereby parties can collect infomration that is connect to the dispute - whether relevant or just "reasonably calculated to lead to the discovery of admissible evidence" FRCP 26(b)(1) - provided that the information 1) is not privileged and 2) the requesting party has not overreached and made such discovery unduly burdensome. The Defendants make no argument of privilege or of burdensomeness. They only pake a technical argument that the information sought is not relevant because it pertains to other products that the Plaintiff had failed to bring within the purview of this case. Relevancy for discovery purposes, however, is a very low hurdle for the Plaintiff to overcome.

A review of the complicated procedural history of this case shows that Superguide has not been inappropriate regarding the identification of

accused devices or remiss in seeking leave of court to amend the scheduling order and/or the list of accused devices. In fact, for the better part of the litigation, the parties have been prohibited from filings without prior court leave. For example, on April 24, 2001, the presiding judge ordered that "the parties are prohibited from filing any further motions or pleadings in support thereof pending judicial rulings on currently pending matters[.]" Order, filed April 24, 2001. On May 17, 2001, the Court directly chastised Superguide for failing to abide by that Order and struck a series of pleadings.

> Prior to entry of the [April 24, 2001] Order, this case had been plagued by an inordinate number of filings, many of which were of unnecessary length and addressed in "nitpicking" fashion matters that should have been resolved through contact with opposing counsel. The Order was intended to put an end to such chaos and to remind the parties and counsel that the Court is responsible for managing the litigation. The fact that counsel have now made filings in the face of a clear prohibition thereof is indicative of unnecessary and counterproductive action.

Order, filed May 17, 2001, at 3.

On August 6, 2001, the Court reminded the parties that "the moratorium on filings remains in effect." Order, filed August 6, 2001. Thereafter, the parties jointly requested an additional pre-trial conference with new deadlines, a request which was promptly denied by the presiding

judge who stated that until the claim construction decision was completed, additional filings were prohibited. Order, filed August 14, 2001. On October 25, 2001, the Court entered its claim construction decision. Superguide Corp. v. DirecTV Enterprises, Inc., *et. al.*, 169 F.Supp.2d 492 (W.D.N.C. 2001). The parties thereafter filed motions for summary judgment relating to infringement. On July 3, 2002, the Court entered its decision on the issue of infringement, Superguide Corp. v. DirecTV Enterprises, Inc., 211 F.Supp.2d 725 (W.D.N.C. 2002), and the case was appealed to the Federal Circuit where it remained until 2004, when that Court reversed and vacated in part and remanded this matter back to this Court. SuperGuide Corp. v. DirecTV Enterprises, Inc., 358 F.3d 870 (Fed.Cir. 2004).

Neither Echostar nor Thomson have explained in what manner Superguide could have determined which products allegedly infringed before the final ruling on claim construction was rendered. And, once the case was returned to this district by the Federal Circuit, the presiding judge determined to pursue the issue of the scope of the license agreement between Gemstar and Superguide prior to ruling on infringement. Order, filed July 11, 2005; Order, filed December 13, 2006. The Court continued

6

its strict monitoring of the parties' filings, denied Superguide's request for additional discovery and to amend pleadings and specifically stayed "all other issues remaining in this case[.]" Order, filed July 11, 2005, at 8. In other words, Superguide was prohibited by the Court from moving for leave to amend any pleadings, including a scheduling order or its list of accused products.

In view of these prohibitions against filings as well as the procedural history of the case, the Court finds the Defendants' position that Superguide should have sought permission to add accused devices is neither reasonable nor practical. Likewise, the history of the case shows that Superguide has not been neglectful in identifying accused devices. Rather, the parties have been vigorously involved in litigation of other aspects of the case and discovery was only reopened in August 2007.

Defendants Echostar and Thomson also argue that Superguide should show good cause for leave to amend the previous scheduling order to allow the addition of accused devices. These Defendants, however, do not present any argument as to why the above recited procedural history and the prohibition against filings would show not constitute good cause.

The attorneys involved in this case are seasoned, highly reputable

7

counsel. The failure to resolve this discovery dispute without court intervention is out of character for these attorneys and is a disappointment to the undersigned. The Court feels compelled to reiterate that the parties should make a good faith effort to resolve all discovery disputes in this matter without involving the Court.

**IT IS, THEREFORE, ORDERED** that the motion to compel is **GRANTED**. Defendants are to produce the materials that are the subject of the Motion on or before January 4, 2008. The Plaintiff is awarded no costs or fees associated with the granting of this Motion.

Signed: December 21, 2007

Martin Reidinger
United States District Judge