**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:00cv144**

| | | |
|---|---|---|
| **SUPERGUIDE CORPORATION,** a North Carolina Corporation, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **Vs.** | ) ) | **ORDER** |
| **DIRECTV ENTERPRISES, INC.,** a Delaware Corporation; **DIRECTV, INC.,** a California Corporation; **DIRECTV OPERATIONS, INC.,** a California Corporation; **HUGHES ELECTRONICS CORPORATION,** a Delaware Corporation; **THOMSON CONSUMER ELECTRONICS, INC.,** a Delaware Corporation; **ECHOSTAR COMMUNICATIONS CORPORATION,** a Nevada Corporation; **ECHOSTAR SATELLITE CORPORATION;** a Colorado Corporation; and **ECHOSTAR CORPORATION,** a Texas Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**THIS MATTER** is before the Court *sua sponte*, upon the filing of the

Defendants' various Memoranda of Law [Docs. 511, 514, 516-2, 518, 519,

522, and 527] in support of their various Motions for Summary Judgment

[Docs. 510, 513, 516, 517, 521, 525, and 526].

In the Final Pretrial Order the Court provided that

Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motions is based. *No brief may exceed 25 double-spaced pages in size 14 font without Court approval.* Motions not in compliance with this order are subject to summary denial.

The Defendants did not file one motion for summary judgment addressing all the grounds in support thereof. Instead, they filed separate motions as to distinct issues. By dividing their motion in this manner, and then filing a separate memorandum of law in support of each of these separate documents, the Defendants have evaded the intent of the provision cited above.

Reviewing the Memoranda reflects that Doc. 511 includes 21 pages of text, attributable equally to the DirecTV Defendants[1] and the EchoStar Defendants; Doc. 514 includes 11 pages of text, attributable equally to the DirecTV Defendants and the EchoStar Defendants; Doc. 516-2 includes 14

---

[1] As used herein the term "DirecTV Defendants" refers to Defendants DirecTV Enterprises, Inc., DirecTV, Inc, DirecTV Operations, Inc. and Hughes Corporation; the term "EchoStar Defendants" refers to EchoStar Communications Corporation, EchoStar Satellite Corporation, EchoStar Corporation and Thompson Consumer Electronics, Inc.

pages of text, attributable to the EchoStar Defendants; Doc. 518 includes

24 pages of text, attributable to the EchoStar Defendants; Doc. 519

includes 8 pages of text, attributable to the DirecTV Defendants; Doc. 522

includes 17 pages of text, attributable equally to the DirecTV Defendants

and the EchoStar Defendants; and Doc. 527 includes 13 pages of text,

attributable to the DirecTV Defendants, for a total of 108 pages of briefs,

with 45½ pages attributable to the DirecTV Defendants and 62½ pages

attributable to the EchoStar Defendants.

The Court does not find that this tactic directly violates its Final

Pretrial Order, because Paragraph II.A. of that Order refers to "Summary

Judgment motions" (i.e. in the plural).  Counsel may possibly have

understood this to allow the division of their summary judgment motion into

multiple motions for the purpose of extending the page limits set in

Paragraph II.D.  Motions for summary judgment, however, were referred to

in the plural in Paragraph II.A. because there are two distinct groups of

Defendants, and a motion by the Plaintiff was a possibility, thus allowing

for three possible motions.  Nonetheless, the Court will not summarily deny

the Motions, as the parties were cautioned may occur in Paragraph II.D.

Innundating the Court with sheer volume of argument, however, is

not helpful to the Court and is not of benefit to the parties making such filings. It also deprives the Court and the parties of the benefit of forcing the movants to separate the wheat from the chaff, by presenting their strongest arguments rather than presenting all of their arguments. If the parties had felt that the 25 page limit was unduly burdensome in this instance because of the gravity of the issues or the strength of several arguments, they had the opportunity to move for leave to be permitted to file longer briefs, as contemplated in Paragraph II.D. Neither the DirecTV Defendants nor the EchoStar Defendants sought such leave prior to the deadline.

**IT IS THEREFORE ORDERED** that the Memoranda of Law of the Defendants in support of their various Motions for Summary Judgment, Docs. 511, 514, 516-2, 518, 519, 522 and 527, are hereby stricken.

**IT IS FURTHER ORDERED** that the DirecTV Defendants may file one Memorandum of Law in support of the four Motions for Summary Judgement it has filed or in which it has joined. Said memorandum shall not exceed 25 pages of text (exclusive of tables of authorities, tables of contents, signature blocks of counsel and certificates of service), shall be in 14 point type, and shall be filed on or before May 12, 2008. The

EchoStar Defendants may file one Memorandum of Law in support of the four Motions for Summary Judgment it has filed or in which it has joined. It shall meet all the same requirements and deadline as set out above for the Memorandum of the DirecTV Defendants.

**IT IS FURTHER ORDERED** that the time for the Plaintiff to respond to the Defendants' Motions for Summary Judgment is extended so that Plaintiff's response to said Motions shall be filed on or before May 29, 2008. Plaintiff may file one brief in response to the arguments of the DirecTV Defendants and one brief in response to the EchoStar Defendants. Each of these memoranda are limited to 25 pages of text, and shall be in 14 point type.

Signed: April 30, 2008

Martin Reidinger
United States District Judge